**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HAROLD BROWN, # K-53770,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00091-JPG** |
| | ) | |
| **DOCTOR SHAH,** | ) | |
| **CHRISTINE BROWN,** | ) | |
| **NURSE MALVIN, and** | ) | |
| **NURSE B. LITTLE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On January 28, 2013, Harold Brown ("Plaintiff") filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his constitutional right to receive medical treatment for a broken arm during his incarceration at Pinckneyville Correctional Center (Doc. 1). Now before this Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"),[1] i.e., without prepaying the filing fee (Doc. 8). At the time he filed this action, Plaintiff was on parole. As a parolee, Plaintiff does not meet the statutory definition of "prisoner" for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[1] On January 28, 2013, Plaintiff filed an IFP motion and affidavit that was signed in 2011. This Court denied Plaintiff's motion on February 14, 2013, and ordered him to file an amended IFP motion with an updated supporting affidavit. Plaintiff did so on February 25, 2013. Plaintiff's amended IFP motion forms the basis of this order.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. However, the Court's inquiry does not end there.

Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to file IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff alleges that he sustained an injury to his arm in an altercation with another prisoner at Pinckneyville Correctional Center ("Pinckneyville") on May 3, 2011 (Doc. 1, p. 5). For more than a month, Plaintiff's injury remained untreated, causing him unrelenting pain. Defendant Little, a nurse in Pinckneyville's Health Care Unit, observed Plaintiff's arm on the date of the altercation but did not complete a physical examination of it despite Plaintiff's complaints of swelling. Defendants Shah and Malvin, a doctor and a nurse at Pinckneyville, did

not properly diagnose or treat his injury despite meeting with Plaintiff repeatedly. At appointments on May 12th and 24th,[2] Defendant Shah examined Plaintiff's leg instead of his arm. Defendant Malvin initially told Plaintiff that the swelling under his arm was "nothing" and then diagnosed him with a soft-tissue injury (Doc. 1, p. 6). Both denied Plaintiff's subsequent written request for further examination or an x-ray.

A nurse finally identified a problem with Plaintiff's arm on May 28th. She referred Plaintiff to Defendant Shah for further examination. On June 7th, Defendant Shah again met with Plaintiff, who, despite acknowledging a problem with Plaintiff's arm, ordered an x-ray only of his elbow. The x-ray appeared normal. Plaintiff pleaded with medical staff, including the x-ray technician, to expand the scope of the x-ray, which the technician did. A nurse practitioner reviewing the x-ray diagnosed Plaintiff with a broken arm and recommended treatment by an outside specialist (Doc. 1, p. 7).

The specialist confirmed the diagnosis and placed Plaintiff's arm in a cast on June 16th. When the specialist later tried to place Plaintiff's arm in a brace on July 12th, a correctional officer prevented the doctor from doing so. While his arm is now in a brace, Plaintiff's arm has not healed because the specialist has never been given an opportunity to re-set Plaintiff's arm.

During this ordeal, Plaintiff wrote Defendant Brown, Pinckneyville's Health Care Administrator, on four separate occasions. A correctional officer also contacted Defendant Brown on Plaintiff's behalf. Defendant Brown did not acknowledge Plaintiff's injury.

Plaintiff now asserts Eighth Amendment claims against Defendants Little, Shah, Malvin, and Brown, based on each Defendant's deliberate indifference to his serious medical need.

[2] All events referenced in this section occurred in 2011.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. Defendants are state actors and are not immune from relief. At this point, the Court cannot conclude that Plaintiff's action fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motion (Doc. 8) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying a filing fee at all (*See* § 1915(d)).

Because Plaintiff is proceeding IFP, the Court **GRANTS** Plaintiff's motion for service of process at government expense (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **LITTLE, SHAH, MALVIN,** and **BROWN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pretrial proceedings, including a decision on Plaintiff's Motion for Appointment of Counsel (Doc. 3).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se*, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. A notice of change of address must be filed within **7 days** of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** March 19, 2013

s/ J. Phil Gilbert
**U.S. District Judge**